Industrial Trust Company vs. Narragansett Cotton Mills, Inc. } M. P. No. 1726.

November 1, 1934.

JOSLIN, J. The petitioner seeks a writ of mandamus to compel the respondent corporation to re-deliver to the petitioner two certain certificates representing 2775 shares of the capital stock of the respondent, together with certain written stock powers.

There is no dispute as to the following facts:

On July 5, 1932, the petitioner loaned to one Carl E. Carlson the sum of $32,500. As evidence of the loan it accepted said Carlson's note in the same sum, secured by a deposit in pledge of certain collateral. Included in the collateral are said two certificates of stock and stock powers. The note was dishonored at maturity. Certain of the other collateral was sold and, in consequence thereof, credits were applied on the note. The unpaid balance is about $16,000.

On December 13, 1933, the Trust Company presented to the respondent said two certificates together with the stock powers dated September 20, 1932, and requested that the stock be "transferred to the name of Industrial Trust Company, Pledgee". This the respondent failed to do, giving as its reason that it had been notified by the stockholder (Carlson) that he "did not execute any stock powers on the date on which these so-called stock powers are dated". Thereafter, on June 9, 1934, the petitioner demanded the *return* of said two certificates and the said stock powers. This demand the respondent neglected to honor for the reason that "under the circumstances and in the the light of information available to" it, "this corporation at the present time does not feel that it is in a po-

sition to comply with the request made in your letter of June 9, 1934".

It is to be noted that this action is brought not to enforce the transfer of stock but solely to compel the return of the two certificates of stock and the stock powers.

The respondent resists the issuance of the writ of mandamus upon two grounds: first, that mandamus is not an appropriate proceeding inasmuch as there are conflicting claims of the Trust Company and Carlson to said two certificates of stock; and, secondly, that the petitioner has an adequate remedy at law. It relies upon *Rowe* vs. *Border City Garnetting Company*, 40 R. I. 394.

Let us consider the first ground.

The respondent makes no claim to the stock. In fact, it disclaims any interest in the alleged dispute between the petitioner and Carlson. Carlson is no party to this proceeding. He is an officer and director of the respondent corporation. The only evidence of any question of the petitioner's title to the stock is two letters from Carlson to the respondent, each dated the same date as the letters from the petitioner to the respondent. The first of these letters (December 13, 1933) asserts that he did not "sell, assign and transfer" said shares to the petitioner "on September 20, 1932". The other letter (June 9, 1934) gives notice to the respondent that the "Industrial Trust Company is not entitled either to have the stock transferred to its name, or to have the stock returned to it". There is absolutely no evidence of any claim in respect to said shares of stock ever having previously been made by Carlson, although the certificates had been in the possession of the petitioner since July 1932. The fact that the stock powers are dated September 20, 1932, (the note being dated July 5, 1932) is explained by Mr. Rogers, the petitioner's manager.

We believe that the Trust Company had a right under the statute to insert this date.

The inference from the foregoing facts is irresistible that the claim of Carlson is made for the sole purpose of creating a cloud upon the ownership of said shares in order to contest this proceeding, which undoubtedly was anticipated by Carlson. His position as an officer and director affords him opportunity to take advantage of the situation. We cannot escape the inference that it is his influence which prompts the refusal on the respondent's part to return the documents. The claim made by Carlson is, in the opinion of the Court, not bona fide. An arbitrary, dogmatic statement claiming to own the stock does not, in our opinion, make the title of the petitioner any the less clear and unquestionable". We hold that it is not proven by credible evidence that there is a real dispute as to the ownership of the stock, or that there is any real conflicting claim which would bar the petitioner from maintaining its present action.

As to the second contention of the respondent, namely, that the petitioner has an adequate remedy at law and therefore has no right to resort to mandamus. We are not unmindful that the writ of mandamus is issued where there is no other means of obtaining justice within the reach of the petitioner; that its object is to supply the want of a legal remedy; and that it must appear that there is a want of an adequate or specific remedy at law.

18 R. C. L. (Mandamus) Sec. 44.

The respondent argues that the petitioner may bring replevin. To be a bar it must appear that the remedy which is open to the petitioner is "plain, speedy and adequate". This was held in *Putnam* vs. *Town Council*, 28 R. I. 422, and in *Cornell* vs. *Barber*, 31 R. I. 358 at 376.

The respondent is a close corporation. Its shares of stock are not listed on any market. There is no market value for them. It is impossible to hazard even a guess as to their value.

There are numerous difficulties in connection with the remedy of replevin. Among those that readily come to mind are: what value to give the stock in the writ so as to be able to fix the amount of the bond; whether the District or Superior Court would have jurisdiction; in what District or County is the stock located; the practical impossibility of the sheriff being able to find the stock so as to execute the mandate of the writ; and the delay in obtaining an adjudication, resulting very likely in irreparable damage due to the management and control of the company in the meantime being in the other stockholders. These and others which may be mentioned lead the Court to seriously doubt that the remedy is adequate. Certainly it is not "plain and speedy".

In the respondent's carefully prepared brief, it is argued that replevin lies for the recovery of stock certificates. Authorities are cited which appear to uphold the respondent in this contention. The question, however, is not whether replevin will lie, but whether in the circumstances replevin furnishes a remedy which is sufficiently speedy and adequate.

Nor would an action for conversion furnish an adequate remedy. As above pointed out, there is no way to appraise or give any values to the certificates and the powers.

The petitioner lawfully came into possession of the two certificates of stock and the powers. Nothing has occurred to affect its title thereto. In good faith, it sent the documents to the respondent requesting a transfer and the issuance of new certificates to it as pledgee. By reason of Carlson's close association with the respondent corporation, the request is not complied with. Thereupon, the petitioner asks for the return of the documents and failing to obtain them, it brings this proceeding. No valid reason has been shown to the satisfaction of this Court why the petitioner should not have the relief it asks. It is so ordered.

For petitioner: Huddy & Moulton.
For respondent: Walter V. Moriarty.